# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DELANO A. MIDDLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-126 |
| | ) | |
| UHAUL CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| DELANO A. MIDDLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-206 |
| | ) | |
| CITY OF SAVANNAH POLICE DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| DELANO A. MIDDLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-339 |
| | ) | |
| MEG HEAP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

DELANO A. MIDDLETON,               )
                                   )
            Plaintiff,             )
                                   )
v.                                 )               CV423-356
                                   )
CHATHAM COUNTY, *et al.*,          )
                                   )
            Defendants.            )

---

DELANO A. MIDDLETON,               )
                                   )
            Plaintiff,             )
                                   )
v.                                 )               CV423-361
                                   )
UHAUL COMPANY, *et al.*,           )
                                   )
            Defendants.            )

## REPORT AND RECOMMENDATION

The Court previously directed *pro se* plaintiff Delano Middleton to show cause why his cases should not be dismissed for his apparent abandonment of them. *See* CV423-126, doc. 40; CV423-206, doc. 12; CV423-339, doc. 22; CV423-356, doc. 9; CV423-361, doc. 11. The deadline for him to respond to that Order passed without any action from Middleton. *See generally* dockets. Two days after the deadline passed, Middleton filed a request for a seven-day extension. *See* CV423-126, doc. 41; CV423-206, doc. 13; CV423-339, doc. 23; CV423-356, doc. 10; CV423-

361, doc. 12.  Since the Motion did not present any explanation for his failure to seek an extension prior to the expiration of the prior Order's deadline, the Court denied it, but directed him, again, to show cause for his persistent failure to respond timely to the Court's orders.  *See* CV423-126, doc. 42; CV423-206, doc. 14; CV423-339, doc. 24; CV423-356, doc. 11; CV423-361, doc. 13.  His deadline to respond to that Order, and to also submit any untimely response to the prior Order, has again passed without any response.  *See generally* docket.

This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders.  *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).  Middleton's failure to timely comply with the Court's Order is sufficient reason to dismiss his case.  *See Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006) ("Dismissal pursuant to Rule 41(b) upon disregard of an order,

especially where the litigant has been forewarned, generally is not an abuse of discretion."); *see also Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999), *overruled, in part, on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n. 52 (11th Cir. 2003) ("Liberal construction does not mean liberal deadlines.").

Accordingly, Middleton's complaints should be **DISMISSED**.[1]  *See, e.g.,* Fed. R. Civ. P. 41(b).  The pending Motion to Dismiss, CV423-339, doc. 11, and Motion to Consolidate, CV423-356, doc. 5, are **DISMISSED, without prejudice,** as moot.[2]  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any

---

[1] Middleton's opportunity to object to this Report and Recommendation, as discussed below, provides him **<u>one final</u>** opportunity to explain his persistent failures to timely respond to motions, court orders, and otherwise prosecute theses cases.  Any objection should include the explanations required by the Court's prior Orders.  *See*, e.g., CV423-126, docs. 40 & 42.

[2] If any of the presiding District Judges decline to adopt this recommendation, the movants remain free to renew their motions, if appropriate.

request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 6th day of September, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA